# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RICKY KING** | **CIVIL ACTION** |
| **VERSUS** | **NO. 11-2798** |
| **N. BURL CAIN, WARDEN** | **SECTION "H"(6)** |

## REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge for the purpose of conducting hearings, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Upon review of the entire record, the court has determined that this matter can be disposed of without an evidentiary hearing. For the following reasons, it is hereby recommended that the instant petition be **DISMISSED WITH PREJUDICE** as untimely.

## PROCEDURAL HISTORY [1]

On June 27, 2000, petitioner, Ricky King, a prisoner presently incarcerated in the

---

[1] A portion of the procedural history was attained from the Louisiana Fourth Circuit Court of Appeal's opinion, *State v. King*, 812 So.2d 159 (Table), 2001-KA-2103 (La. App. 4 Cir. 2002) (unpublished opinion) (St. rec., vol. 4).

Louisiana State Penitentiary, Angola, Louisiana, was charged by bill of information with armed robbery in violation of La. R.S. 14:64. On June 30, 2000, he was arraigned and pleaded not guilty. Following a hearing on July 24, 2000, the court found probable cause and denied the motion to suppress the identification. On October 24, 2000, King went to trial in Orleans Parish Criminal District Court and a twelve-member jury found him guilty as charged. On June 25, 2001, he was sentenced to serve ninety-nine years at hard labor without benefit of parole, probation, or suspension of sentence.

On February 6, 2002, pursuant to King's appeal, the Louisiana Fourth Circuit Court of Appeal affirmed his conviction and sentence. *State v. King*, 812 So.2d 159 (Table), No. 2001-KA-2103 (La. App. 4 Cir. 2002) (unpublished opinion) (St. rec., vol. 4). Thereafter, King did not apply for rehearing nor did he seek review with the Louisiana Supreme Court. Thus, under the provisions of La.C.Cr.P. art. 922, King's conviction and sentence became final 14 days later, on February 20, 2002.[2] King's time for seeking review ended March 8, 2002, when his 30-day time limit for seeking relief from the Louisiana Supreme Court

---

[2]La.C.Cr.P. art. 922 provides, in pertinent part, as follows:

    A. Within fourteen days of rendition of the judgment of the supreme court or any appellate court, ... a party may apply to the appropriate court for a rehearing....
    B. A judgment rendered by the supreme court or other appellate court becomes final when the delay for applying for a rehearing has expired and no application therefor has been made.

expired.³

On January 18, 2004, King filed an application for post-conviction relief with the state district court. (St. rec., vol. 5). On October 20, 2004, the district court denied King post-conviction relief. (St. rec., vol. 5). On May 26, 2005, the Louisiana Fourth Circuit, finding no error in the district court's judgment, likewise denied King relief. *State v. King*, No. 2005-K-0677 (La. App. 4 Cir. 2005) (unpublished opinion) (St. rec., vol. 5). On April 17, 2006, the Louisiana Supreme Court summarily denied relief. *State ex rel. King v. State*, 926 So.2d 501 (La. 2006).

On June 23, 2010, King filed another post-conviction application with the state district court. (St. rec., vol. 5). King, relying on *Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 129 S.Ct. 2527, 174 L.Ed.2d 314 (2009), claimed that his constitutional right to confront witnesses was violated by virtue of the State's submission of crime lab reports in lieu of having the crime lab experts testify.⁴ On July 29, 2010, the district court issued its Judgment, providing: "As more than 2 years have elapsed since defendant's conviction became final,

---

³La. Supreme Court Rule X, Section 5(a) provides, in pertinent part:

An application seeking to review a judgment of the court of appeal either after an appeal to that court, or after that court has granted relief on an application for supervisory writs ... or after a denial of an application, shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal....

⁴In *Melendez-Diaz*, the Supreme Court held that the admission of expert documentation or, more specifically, certificates of analysis, regarding physical evidence, were testimonial by nature and, as such, the State's failure to produce the expert witness for cross-examination constituted a violation of defendant's right of confrontation.

any application for post-conviction relief would be untimely. La.C.Cr.P. Art. 930.8." The court added that the expert report which the State submitted in lieu of having the expert testify at trial, "is not testimonial in nature, but merely recounts actions taken." (St. rec., vol. 5). On September 2, 2010, the Louisiana Fourth Circuit denied King's writ application, finding "no error in the judgment of the district court denying relator's application for post-conviction relief as untimely. La. C.Cr.P. art. 930.8." *State v. King*, No. 2010-K-1206 (La. App. 4 Cir. 2010) (unpublished opinion) (St. rec., vol. 5). On October 14, 2011, the Louisiana Supreme Court denied King's writ application without comment. *State ex rel. King v. State*, 74 So.3d 725 (La. 2011).

King filed a motion to correct an illegal sentence at the same time that his second post-conviction application was pending. His effort in this regard culminated on November 18, 2011, when the Louisiana Supreme Court denied his writ application as untimely pursuant to "La. C.Cr.P. art. 930.8; *State ex rel. Glover v. State,* 93-2330 (La. 9/5/95), 660 So.2d 1189; *State v. Parker*, 98-0256 (La. 5/8/98), 711 So.2d 694." *State ex rel. King v. State*, 75 So.3d 453 (La. 2011).

Undeterred by three previous, unsuccessful attempts, King filed more pleadings seeking post-conviction relief. On February 3, 2012, the Louisiana Supreme Court denied King's writ application associated with yet another motion to correct an illegal sentence.

*State ex rel. King v. State*, 2011-KH-0522 (La. 2012).[5] Another writ application, 2011-KH-1944, is still pending before the state high court. A final writ application, 2012-KH-0316, filed with the state high court as recently as January 31, 2012, is likewise pending.

On October 26, 2011, King filed the instant habeas corpus action.[6] King's sole claim for relief is that the trial court, contrary to the Supreme Court's decision in *Melendez-Diaz*, *supra*, did not require analysts to testify at trial, but rather, allowed the State to introduce their reports into evidence, thereby denying him his constitutional right to confront the witnesses. In its response, the State contends that King's federal habeas petition is untimely. Further, this court notes that it is uncertain whether King has exhausted his state court remedies given that he has two writ applications pending before the Louisiana Supreme Court. However, for the reasons set forth below, the court finds this action is time-barred and, therefore, need not reach the exhaustion issue.

## **ANALYSIS**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established

---

[5] This opinion has not yet been published.

[6] This October 26, 2011 filing date was ascertained via the court's use of the "mailbox rule." Under this rule, a pleading filed by a prisoner acting *pro se* is considered to be filed for prescriptive purposes on the date it is delivered to prison officials for mailing, rather than the date it is received by the court. *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). Generally, the date a prisoner signs his petition, in this case, October 26, 2011, is presumed to be the date he delivered it to prison officials for mailing. *See Colarte v. Leblanc*, 40 F.Supp.2d 816, 817 (E.D. La. 1999) (assumed that petitioner turned his habeas corpus application over to prison officials for delivery to this court on the date he signed his application).

a one-year statute of limitations for the filing of federal habeas corpus applications. The method for calculating a petitioner's one-year period is set forth in 28 U.S.C. § 2244(d), which provides:

> (1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Clearly, Subsections B and D are inapplicable here, in that King does not claim either the existence of a state-created impediment to filing or a newly-discovered factual predicate for his claim.

King does, however, appear to invoke Subsection C by arguing that his claim is based on *Melendez-Diaz v. Massachusetts,* 557 U.S. 305, 129 S.Ct. 2527, 174 L.Ed.2d 314 (2009).

However, because *Melendez–Diaz* is not retroactively applicable to cases on collateral review, §2444(d)(1)(C) is inapplicable. *See, e.g., Arita v. Cain*, 2011 WL 4738666, * 2 (E.D. La. Aug. 25, 2011 (Knowles, MJ.), adopted, 2011 WL 4738658 (E.D. La. Oct. 6, 2011) (Zainey, J.); *Walker v. Johnson,* 2011 WL 2119260, at *4 (E.D. Va. April 19, 2011), adopted, 2011 WL 2119141 (E.D. Va. May 27, 2011).

Accordingly, King is left with only Subsection A. As noted, under that provision, a petitioner must bring his Section 2254 action within one (1) year of the date on which his underlying criminal judgment became final upon the expiration of time for seeking direct review. 28 U.S.C. § 2244(d)(1)(A). In the instant case, King's time for seeking direct review expired on March 8, 2002, when his 30-day time period for seeking review from the Louisiana Supreme Court expired. Accordingly, his period for seeking federal habeas corpus relief commenced on that date and expired on March 8, 2003, unless that deadline was extended through tolling.

The court first considers statutory tolling. The AEDPA provides that the statute of limitations is tolled for the period of time during which a properly filed application for state post-conviction relief or other collateral review attacking a conviction or sentence is pending in state court. 28 U.S.C. § 2244(d)(2). However, King had no such state applications pending at any time during the one-year limitations period.[7] Therefore, he clearly is not

---

[7]The court notes that King filed his first post-conviction application on January 18, 2004. However, an application filed after the expiration of the federal statute of limitations has no

entitled to statutory tolling.

The AEDPA's limitations period is also subject to equitable tolling. *Holland v. Florida*, __ U.S. __, 130 S.Ct. 2549, 2560, 177 L.Ed.2d 130 (2010). That said, "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id*. at 2562 (internal quotation marks omitted); *see also Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998) (holding that the AEDPA's statute of limitations can be equitably tolled "in rare and exceptional circumstances"). A petitioner bears the burden of proof to establish entitlement to equitable tolling. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002).

In the instant matter, King provides no basis warranting the application of equitable tolling nor has this court's review of the record uncovered any basis for equitably tolling King's prescriptive period. Accordingly;

## RECOMMENDATION

For the foregoing reasons, it is hereby recommended that the application for federal habeas corpus relief filed by petitioner, Ricky King, be **DISMISSED WITH PREJUDICE**

---

bearing on the timeliness of a habeas petitioner's federal application. *See Scott v. Johnson,* 227 F.3d 260, 263 (5th Cir. 2000); *Williams v. Cain*, 2000 WL 863132, at *2 (E.D. La. June 27, 2000) (Vance, J.).

as untimely.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996)(*en banc*).[8]

New Orleans, Louisiana, this __6th__ day of _____February_____, 2012.

_____
LOUIS MOORE, JR.
United States Magistrate Judge

---

[8]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.